```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

CPI CARD GROUP-NEVADA, INC.                CIVIL ACTION

VERSUS                                      NO: 11-2873

TRAFFIC JAM EVENTS, LLC                     SECTION: R(4)

### ORDER AND REASONS

Plaintiff, CPI Card Group-Nevada, Inc. ("CPI"), moves for partial summary judgment on its main demand for recovery against defendant, Traffic Jam Events, LLC ("Traffic Jam"). For the following reasons, the Court grants plaintiff's motion.

**I.   BACKGROUND**

This is a contract dispute. CPI manufactures and supplies personalized plastic cards. Since 2009, CPI has done business with Traffic Jam.[1] Early in their business relationship, CPI required Traffic Jam to pay for the cards in advance of shipment.[2] Later, when Traffic Jam began ordering larger amounts of cards, CPI allowed them to do so on credit. CPI would invoice Traffic Jam on or after the shipment was made and allow Traffic Jam several weeks to pay.[3]

This contractual relationship worked until 2010 when Traffic Jam ordered 3,440,000 cards from CPI. CPI shipped the cards in

---

[1]   R. Doc. 12-3 at 1.

[2]   *Id.*

[3]   *Id.* at 2.

three batches. The first batch was 40,000 cards. On December 9, 2010, CPI shipped 3,000 cards to Traffic Jam and sent them an invoice for $2,872.78-the cost of 40,000 cards.[4] Due to a clerical error, CPI did not ship the remaining 37,000 cards on December 9, 2010, as planned, but subsequently shipped them on December 20, 2010.[5] Also on December 20, 2010, CPI shipped the second batch of 2,400,000 cards and sent its corresponding invoice for $88,500.[6] On January 7, 2011, CPI shipped the third batch of 1,000,000 cards and sent its corresponding invoice of $37,189.51.[7]

On January 24, 2011, Traffic Jam informed CPI that some of the cards were sticking together and returned 449,500 of these cards to CPI.[8] CPI "powdered" the cards and shipped them back to Traffic Jam on February 15, 2011.[9] Traffic Jam kept all 3,440,000 cards it has received from CPI, including the powdered cards, but has not paid for any of the invoices.[10] On June 2, 2011, CPI sent

---

[4]   *Id.* at 1-2.

[5]   R. Doc. 12-3 at 2.

[6]   *Id.*

[7]   *Id.* at 3.

[8]   *Id.*

[9]   R. Doc. 12-3 at 16.

[10]  *Id.* at 3.

Traffic Jam a letter demanding payment on the invoices.[11] CPI filed this action because Traffic Jam refuses to pay. Traffic Jam has filed a counterclaim against CPI alleging that the cards were defective because they stuck together and that Traffic Jam had to spend additional money to separate the cards. CPI now moves for partial summary judgment on its main demand.[12]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision*

---

[11] *Id.* at 17.

[12] R. Doc. 12.

*Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991)(citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery

4

and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(citing *Celotex*, 477 U.S. at 332).

### III. DISCUSSION

**A. Traffic Jam is Obligated to Pay**

It is a basic tenet of contract law that "[t]he buyer is bound to pay the price and to take delivery of the thing." La. Civ. Code Ann. art. 2549. A contract "may be established by conduct of both parties that recognizes the existence of that contract." La. Civ. Code. Ann. art. 2602.

Traffic Jam does not dispute that it entered a contract with CPI for the 3,440,000 cards.[13] In fact, Traffic Jam admits to all elements of CPI's claim. Traffic Jam admits that it ordered and received the cards at issue.[14] Traffic Jam admits that while it returned a number of cards to CPI, CPI redelivered all of those cards back to Traffic Jam.[15] Finally, Traffic Jam admits it has not paid CPI for these cards as outlined in CPI's demand letter.[16]

---

[13]    R. Doc.

[14]    R. Doc. 12-4 at 9-13.

[15]    *Id.*

[16]    *Id.*

Traffic Jam's opposition to summary judgment argues that the cards were defective and caused it damage. Traffic Jam does not provide any evidence to support this argument; instead, it relies on CPI's evidence establishing that some of the cards were returned to CPI for powdering and then redelivered to Traffic Jam. But this evidence is consistent with CPI's ability to cure a nonconformity. La. Civ. Code Ann. art. 2610. There is nothing in the record to show that CPI failed to cure any nonconformity in its shipment.

Traffic Jam's unsupported assertions in its opposition do not create an issue of material fact as to whether the cards were defective or caused it damage. There is no evidence that Traffic Jam had any trouble with the cards after the powdering. Further, there is no evidence that would allow a jury to find that Traffic Jam "lost clients," had to work "extraordinary overtime to correct the defects," or suffered "damage to its machines."[17] Instead, the evidence establishes that CPI delivered all of the cards to Traffic Jam and that Traffic Jam has refused to pay. There is no disputed issue of material fact as to CPI's claim.

## B. CPI is Entitled to Attorney's Fees

A claimant is entitled to attorney's fees against a party who "fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth

---

[17] R. Doc. 28 at 2.

the amount owed." La. Rev. Stat. Ann. § 9:2781(A). An open account "includes any account for which a party or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. Rev. Stat. Ann. § 9:2781(D). A claimant must demonstrate that the contracting parties had a clear understanding that their arrangement was for an open account. *F Christiana & Co. V. Matt's Grocery, Inc., No. 2*, 674 So. 2d 419, 421 (La. Ct. App. 1996). Louisiana courts analyze certain factors when determining whether an open account exists: (1) whether there were multiple transactions between the parties; (2) whether the supplier extended a line of credit to the purchaser; (3) the existence of running or current dealings between the parties; and (4) whether there were expectations of future dealings. *San Francisco Estates, S.A. v. Westfeldt Bros.*, Inc., No. Civ.A. 97-1102, 1998 WL 290206, at *2 (E.D. La. June 1, 1998).

These factors weigh in favor of finding an open account in this case. CPI and Traffic Jam have been doing business since 2009,[18] and that Traffic Jam ordered its cards on credit.[19] CPI would send Traffic Jam invoices for the cards they ordered and would "delivere[] new orders of cards before older invoices were

---

[18]　R. Doc. 12-3 at 1.

[19]　*Id.* at 1-2.

paid."[20] See *Sandoz v. Dolphin Servs., Inc.*, 555 So. 2d 996 (La. Ct. App. 1989) (finding open account where buyer made periodic payments purchase orders invoiced separately). Traffic Jam does not address this issue in its opposition to summary judgment, nor does it attach any evidence that would create an issue of fact. The outstanding balance at issue in this case is therefore an open account.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's motion for partial summary judgment is GRANTED in the amount of $127,972.02 plus reasonable attorney's fees.

New Orleans, Louisiana, this 13th day of December, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[20] *Id.*