```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

CPI CARD GROUP-NEVADA, INC.                CIVIL ACTION

VERSUS                                     NO: 11-2873

TRAFFIC JAM EVENTS, LLC                    SECTION: R(4)

**ORDER AND REASONS**

Defendant in counterclaim, CPI Card Group-Nevada, Inc. ("CPI") moves to dismiss plaintiff's counterclaim or alternatively to limit plaintiff's evidence based on plaintiff's failure to comply with pretrial orders and discovery rules. For the following reasons, the Court denies the motion.

**I.   BACKGROUND**

This is a contract dispute. CPI manufactures and supplies personalized plastic cards. Since 2009, CPI has done business with Traffic Jam.[1] Early in their business relationship, CPI required Traffic Jam to pay for the cards in advance of shipment.[2] Later, when Traffic Jam began ordering larger amounts of cards, CPI allowed it to do so on credit. CPI would invoice Traffic Jam on or after the shipment was made and allow Traffic Jam several weeks to pay.[3]

---

[1]   R. Doc. 12-3 at 1.

[2]   *Id.*

[3]   *Id.* at 2.

This contractual relationship worked until 2010 when Traffic Jam ordered 3,440,000 cards from CPI. CPI shipped the cards in three batches. The first batch was 40,000 cards. On December 9, 2010, CPI shipped 3,000 cards to Traffic Jam and sent it an invoice for $2,872.78–the cost of 40,000 cards.[4] Because of a clerical error, CPI did not ship the remaining 37,000 cards on December 9, 2010, as planned, but shipped them on December 20, 2010.[5] Also on December 20, 2010, CPI shipped the second batch of 2,400,000 cards and sent its corresponding invoice for $88,500.[6] On January 7, 2011, CPI shipped the third batch of 1,000,000 cards and sent its corresponding invoice of $37,189.51.[7]

On January 24, 2011, Traffic Jam informed CPI that some of the cards were sticking together and returned 449,500 of these cards to CPI.[8] CPI "powdered" the cards and shipped them back to Traffic Jam on February 15, 2011.[9] Traffic Jam kept all 3,440,000 cards it has received from CPI, including the powdered cards, but has not paid for any of the invoices.[10] On June 2, 2011, CPI sent

---

[4]   *Id.* at 1-2.

[5]   R. Doc. 12-3 at 2.

[6]   *Id.*

[7]   *Id.* at 3.

[8]   *Id.*

[9]   R. Doc. 12-3 at 16.

[10]  *Id.* at 3.

Traffic Jam a letter demanding payment on the invoices.[11] CPI filed this action because Traffic Jam refuses to pay.

Traffic Jam has filed a counterclaim against CPI alleging that the cards were defective because they stuck together and that Traffic Jam had to spend additional money to separate the cards. CPI now moves for dismissal of the counterclaim.[12]

## II.  DISCUSSION

On March 29, 2012 this Court Ordered that all Federal Rule of Civil Procedure 26(a)(1) disclosures be made by April 30, 2012. Additionally, the Court Ordered the parties to provide a list of witnesses and exhibits by October 15, 2012. Further, all discovery was to be completed by November 13, 2012. On May 17, 2012 CPI served on Traffic Jam a discovery request for information pertaining to the issue of damages. CPI did not move to compel these disclosures. Despite repeated assurances, Traffic Jam never responded to these requests nor complied with the Court's Orders. Rather, on November 27, 2012, after both of these deadlines had passed, Traffic Jam disclosed documents pertaining to its claim for damages. Now CPI seeks to dismiss the counterclaim for failure to prosecute, or in the alternative, to limit Traffic Jam's evidence at trial.

---

[11]   *Id.* at 17.

[12]   R. Doc. 28.

Federal Rule of Civil Procedure 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts determine whether a violation of Rule 26 is harmless by considering four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Traffic Jam's late disclosures violated Rule 26 and the scheduling Order of this Court. As justification, Traffic Jam asserts only that it is "a large company, with various departments, and numerous employees." and that securing these documents takes time.[13] That Traffic Jam is a large company does not justify the late disclosures. Traffic Jam's conduct is inexcusable.

On the other hand, CPI never filed a motion to compel production of the documents. Further, the documents disclosed are not voluminous, nor are they complex. Moreover, they are

---

[13]   R. Doc. 33 at 6.

4

essential to Traffic Jam's case as they are necessary to establish damages. Accordingly, while unjustified, Traffic Jam's late disclosures have not materially prejudiced CPI and will not be excluded from trial.

However, because Traffic Jam has not provided the names of any experts or produced any expert reports, Traffic Jam will be precluded from introducing expert testimony at trial.

Rule 41(b) authorizes a district court to dismiss with prejudice an action for want of prosecution upon "a showing of a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interest of justice." *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir. 1996) (quotation omitted). The Court determines that dismissal is inappropriate in this case because CPI has failed to show that Traffic Jam's late disclosures were willful or in bad faith. Traffic Jam's counsel is still required to appear before this Court to show cause why he should not be sanctioned for failing to attend the December 13, 2012 pretrial conference.

## IV. CONCLUSION

For the foregoing reasons, CPI's motion is DENIED.

New Orleans, Louisiana, this 3rd day of January, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE